UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PLUMBERS PIPEFITTERS & MES,
LOCAL UNION NO. 392, U.A., et seq.,                    Case No. 1:14-cv-48

    Plaintiffs,                                                                 Bowman, M.J.

    v.

ZINS PLUMBING, LLC, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On June 18, 2014, Defendant Ohio Farmers Insurance Company ("Ohio Farmers") moved this Court to dismiss Plaintiffs' complaint against it for failure to state a claim. (Doc. 24).  Plaintiffs, consisting of multiple Boards of Trustees of various pension funds (collectively "Plaintiffs"), have filed a response in opposition to the motion, to which Ohio Farmers has filed a reply. (Docs. 30, 34).  With the permission of the Court, Plaintiffs recently filed a surreply. (Doc. 37). The parties have consented to disposition of this case by the undersigned magistrate judge.  *See* 28 U.S.C. §636(c) and Doc. 11. For the reasons that follow, the Court will grant the pending motion to dismiss.

**I. Background**

Plaintiffs generally allege that Zins Plumbing, LLC ("Zins") has breached its agreement with Plaintiffs to pay contributions as benefits to certain Zins employees. Plaintiffs further allege that Ohio Farmers executed the union's standard Deductions Bond in February 2005, and agreed to pay Plaintiffs the sum of $19,000.00 if Zins failed to pay its contributions.  Ohio Farmers is named in the complaint solely in its capacity as

surety of the Deductions Bond. (*See generally* Second Amended Complaint, Doc. 26 at ¶17, 21-25).

The Deductions Bond provides that "any elected officer of United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the U.S. and Canada, Local Union No. 392 may institute a suit at law…against this bond, to recover in [sic] behalf of any claimants hereunder providing such suit is brought within six (6) months after knowledge of breach of said contract." (Doc. 26 at ¶25; Doc. 26-3). Ohio Farmers' motion to dismiss is based upon the argument that Plaintiffs failed to initiate suit within the contractually agreed upon six month statute of limitations.

**II. Analysis**

Plaintiffs arranged for a payroll compliance audit on July 26, 2012, which Plaintiffs assert revealed that Zins "failed to pay contributions, check-off and wage deductions in the amount of $111,779.77." (Doc. 26 at ¶17). Plaintiffs did not file suit until April 28, 2014. Based upon the date of the audit, Ohio Farmers contends that Plaintiffs were obligated to file suit not later than January 26, 2013. However, Plaintiffs respond by pointing out that July 26, 2012 is the date that the audit was initiated, and "has no bearing" on the date when Plaintiffs had "knowledge of" the alleged breach of the CBA as is specified by the Bond.

A complaint must contain a "short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* citing *Twombly*, 550 U.S. at 556.

Plaintiffs concede that the complaint fails to "precisely state a date in which the Union had 'knowledge of the breach of contract.'" (Doc. 30 at 7). However, in determining whether to grant a motion to dismiss for failure to state a claim upon which relief may be granted, this Court is required to construe all facts alleged in the Complaint in favor of the Plaintiffs. *See* Rule 12(b)(6), Fed. R. Civ. P., *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). Plaintiffs argue that they should be permitted discovery to prove their claim against Ohio Farmers is not barred by the six-month limitation term, even though it is difficult to fathom what discovery would be required relating to Plaintiffs' own knowledge. Alternatively, Plaintiffs tender evidence in support of their argument that they did not have "knowledge" of the breach more than six months prior to the time suit was filed.

A statute of limitations may provide a basis for dismissal so long as the facts are definitively ascertainable and conclusively establish the affirmative defense. *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009). Still, "[o]rdinarily, dismissing claims as untimely under Rule 12(b)(6) is disfavored because plaintiffs have no duty to plead facts negating an affirmative defense, such as the statute of limitations*." Owner Operator Indep. Drivers Ass'n, Inc. v Comerica Bank*, 540 F. Supp.2d 925, 929 (S.D. Ohio 2008)(citing *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006)). To the extent that this Court finds that the complaint is inadequately pled

3

against Ohio Farmers, Plaintiffs request leave to file a third amended complaint to plead that the timing of their knowledge fell within the limitations period.

The Court concludes, based upon the parties' motions, responses thereto, and attached exhibits, that Ohio Farmers is entitled to judgment as a matter of law. Even with a proposed amendment, Plaintiffs cannot state any cognizable claim within the requisite statute of limitations. Because the Court has considered exhibits offered by both parties, it has considered the pending motion as one converted to a motion for summary judgment under Rule 56.

The express language of the bond contractually limits the period in which suit may be brought to a six month period of an elected union officer's "knowledge of breach" of the terms of the CBA. The wording of the bond does not further specify the type or degree of knowledge that is required - whether "actual knowledge" or "constructive knowledge" or some other standard. "Reasonable statute of limitations contained within contracts, though begin for a shorter period than prescribed by statute, have been upheld by state and federal courts." *Salisbury v. Art Van Furniture*, 938 F. Supp. 435, 437 (W.D. Mich. 1996). Here, the parties do not dispute the enforceability of the contractual statute of limitations, but only its application, vis-à-vis the interpretation of the operative phrase, "knowledge of breach."

Plaintiffs allege in response to Defendant's motion that no union officer had knowledge of the breach until November 22, 2013, which date would make their claim against Ohio Farmers timely filed. Plaintiffs have attached a copy of the audit report, dated September 20, 2013, as an exhibit to their response. (Doc. 30-1). They argue that the dated letter and the report itself support Plaintiffs' position that even though the

audit was begun on July 26, 2012, it was not completed by the third-party auditor and mailed to Plaintiffs until September 20, 2013.

Ohio Farmers maintains that July 26, 2012 is the operative "knowledge" date, but recognize that the Court may view that date as disputed. Still, to the extent that Plaintiffs rely upon the completion of the audit report on September 20, 2013, Ohio Farmers argues that date is "*the very latest* 'clock start' date" that the Court could use to calculate the six-month limitations period. (Doc. 34 at 3, italics original). If that September date is selected rather than the initial audit date of July 26, 2012, Ohio Farmers asserts that the suit is still untimely, because the limitations period would have expired on March 20, 2014 and suit was not filed until April 28, 2014.[1]

In both a response and a surreply, Plaintiffs dispute the relevance of the September 20, 2013 date as when any union officer gained sufficient knowledge of the breach. Plaintiffs represent that they (through their counsel) provided a copy of the audit report to the Defendant on an undisclosed date "in October 2013." (Doc. 37-1). In responsive correspondence dated November 6, 2013 noting that the October letter was the first time that it had been been notified of a possible claim, Zins' counsel requested documentation in support of Plaintiffs' claim and a "reasonable time to understand and evaluate the Funds' claims." (Doc. 30-2). Plaintiffs provided the requested information, and extended Zins' time to refute the audit report or submit bond payment until November 22, 2013. (Doc. 30-3). Based upon Zins' failure to respond by November 22, 2013, Plaintiffs argue that they did not gain "*actual* knowledge that the audit findings

---

[1]Defendant's reply memorandum appears to contain either an error, insofar as it calculates the six-month period from September 20, 2013 as expiring on April 20, 2014 rather than on March 20, 2014.

5

were *irrefutable*" until that date. (Doc. 30 at 6, emphasis added). Plaintiffs argue vigorously that the completion of the audit on September 20, 2013 still did not amount to knowledge of a breach of the CBA to start the limitations period, because Zins might yet have refuted the findings of that report. Based upon Plaintiffs' contention that the six-month clock did not begin to run until November 22, 2013, the April 28, 2014 complaint was timely filed.

Ohio Farmers protests that Plaintiffs' position would require this Court to rewrite the bond agreement to add an additional condition, by stating that the six month limitations period does not begin until the union had "knowledge" and the breaching party "fail[ed] to refute" the breach. As Ohio Farmers points out, extending the statute of limitations period in such a manner would have the potential to extend the limitations period indefinitely, if Zins, as the Bond principal, had presented any challenge at all to the audit.[2] Alternatively, Plaintiffs' construction could extend the statute indefinitely by Plaintiffs' own conduct, to the extent that Plaintiffs chose to sit on their rights for some period of time after the conclusion of the audit, before it notified the principal of its claim and offered the principal time to "refute" the audit.

The Court finds it unnecessary to determine in this case whether the "knowledge of breach" requirement specified in the bond refers to actual or constructive knowledge, because even construing the phrase to mean "actual" knowledge, Plaintiffs' suit is untimely. The type of knowledge specified is "knowledge of breach," meaning knowledge of the underlying facts that constituted the breach, and not knowledge of

---

[2]In theory, the fact that Zins is defending this lawsuit could further extend the contractual limitations period, to the extent that Plaintiffs insist on "actual knowledge" that their claim is "irrefutable."

whether damages are contested, or knowledge of Zins' defenses to the alleged breach. The Court agrees that Plaintiffs' construction is unreasonable as a matter of law. It would require this Court to read additional conditions into the contractual limitations period, as Plaintiffs focus on the effects of the Principal's decision to concede or refute the breach that Plaintiffs had actual knowledge of not later than September 20, 2013. *See generally Wright v. Heyne*, 349 F.3d 321 (6th Cir. 2003)(holding that relevant knowledge required to trigger ERISA statute of limitations is knowledge of the facts or transaction that constituted violation, not knowledge of legal claim). To the degree that Plaintiffs' argument is analogous to a "discovery" rule of the strength of its legal claim, it is worth noting that "discovery" rules concerning the accrual of causes of action generally are limited to tort claims, whereas Plaintiffs' claim against Ohio Farmers sounds in contract. *See Allen v. Andersen Windows, Inc.*, 913 F. Supp.2d 490, 506 at n. 6 (S.D. Ohio, 2012).

### III. Conclusion and Order

For the stated reasons, **IT IS ORDERED** that Ohio Farmers' motion to dismiss, as converted to a motion for summary judgment, (Doc. 24) be **GRANTED,** that judgment be rendered in favor of that Defendant as a matter of law.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge